UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                    Plaintiff,

                                                    Case No. 92-cr-0178-bhl-3

        v.

WALTER WILLIAMS,

                    Defendant.

## ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

Walter Williams, through counsel, asks the Court to reduce his sentence under the "compassionate release" provisions in 18 U.S.C. §3582(c)(1)(A).  (ECF No. 316.)  Williams argues he is entitled to release because he suffers from HIV, which he contends places him at high risk of severe illness or death from COVID-19.  (*Id.*)  The government does not oppose defendant's motion.  Because the Court is satisfied that Williams' health situation is sufficiently serious, and the time he has already served is a sufficient sentence, the Court will grant Williams' request.

## BACKGROUND

On March 30, 1993, after a jury convicted Williams of four drug distribution related offenses, Judge Robert W. Warren sentenced the defendant to a total of 600 months imprisonment and five years of supervised release.  (ECF No. 316-2.)  Williams is currently serving his prison term at USP McCreary in Southern Kentucky.  He is 56 years old and is not expected to be released from prison until April 2037.  Williams' medical records show that he is infected with HIV, which puts him at a higher risk of severe illness or death from COVID-19.

On May 29, 2020, Williams requested compassionate release from the Bureau of Prisons based on the pandemic and his personal health risks.  The warden denied his request.  On November 16, 2020, Williams asked the Court to appoint him counsel to pursue a motion for compassionate release.  The Court referred Williams' request to Federal Defender Services of Wisconsin, Inc.  Williams' federal defender then filed a motion for compassionate release on

February 2, 2021. The government filed a response on March 1, 2021 stating that it does not oppose defendant's motion for compassionate release.

## ANALYSIS

Under 18 U.S.C. §3582(c)(1), a court is generally not allowed to modify a sentence of imprisonment. One of the limited exceptions to this rule is for cases of "compassionate release" under section 3582(c)(1)(A)(i). Before the First Step Act of 2018, a request for compassionate release could only be made by the Bureau of Prisons (BOP). Now, however, a defendant can request compassionate release by motion.

The Court's consideration of a compassionate release motion is a multi-step process. The Court must first determine whether the defendant is eligible under the statute. To be eligible, a defendant is required to show that he or she made a request for release to the prison warden and has either (a) exhausted all administrative appeals or (b) waited 30 days from the warden's receipt of the request, whichever is earlier. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). If this "exhaustion" requirement is satisfied, the Court must then determine whether there are "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence, consistent with the sentencing factors set forth in 18 U.S.C. §3553(a).

### A. Williams Has Shown He Is Eligible under the Statute for Compassionate Release.

Williams has satisfied the statutory pre-motion requirements and is eligible to seek compassionate release. The record shows he made a compassionate release request to the warden on May 29, 2020 and that request was denied on June 19, 2020. (ECF No. 312.) Additionally, Williams' counsel filed a second compassionate release request with the warden that was denied on December 11, 2020. Both his request and his counsel's request were submitted and denied more than 30 days before the motion for compassionate release was filed. Thus, Williams has satisfied this mandatory claim-processing rule. *See Sanford*, 986 F.3d at 782.

**B. Williams Has Shown Extraordinary and Compelling Reasons Sufficient to Warrant a Reduction in his Sentence Consistent with the Section 3553(a) Sentencing Factors.**

Williams argues his health concerns[1] justify his compassionate release. Specifically, he contends that his HIV diagnosis, which elevates his risk of severe illness or death during the global COVID-19 pandemic, presents an extraordinary and compelling reason for his release. Williams' argument that his health creates an extraordinary and compelling reason for his release is not novel, and courts have reached differing views on whether his argument satisfies the extraordinary and compelling standard under the statute during the COVID-19 pandemic. *Compare United States v. Young*, No. 20-2651, 2021 WL 276126 (7th Cir. Jan. 27, 2021) (affirming district court's denial of compassionate release despite defendant's serious kidney disease), *with United States v. Cook*, No. 17-CR-77 (E.D. Wis. Aug 19, 2020) (granting compassionate release because of defendant's respiratory and other health issues), *and United States v. Kuczora*, No. 15-CR-214 (E.D. Wis. Dec. 30, 2020) (granting compassionate release because of defendant's heart, lung, and other health issues). In Williams' case, the warden at United States Penitentiary McCreary considered Williams' health concerns but explained that the BOP was taking extraordinary measures to contain the spread of the virus and denied Williams' request.

Based on the record, the Court finds that Williams' medical situation presents an extraordinary and compelling circumstance given the COVID-19 pandemic. According to the CDC website, there have been 10,959 confirmed prisoner cases and 62 deaths of prisoners in the twenty-two correctional institutions in Kentucky. *Confirmed COVID-19 Cases and Deaths in US Correctional and Detention Facilities by State*, CDC (Mar. 22, 2021), https://www.cdc.gov/covid-data-tracker/#correctional-facilities. Additionally, Dr. Barbara Benjamin has reviewed Williams' medical records and has concluded that because he is "chronically immunocompromised," he is at risk of a severe outcome if he were to become infected with COVID-19. (ECF No. 318.) This is sufficient to establish extraordinary and compelling circumstances within the meaning of the statute.

In making this determination, the Court respects the warden's prior denial of Williams' pre-motion request and emphasizes it has no desire to intrude unnecessarily on the BOP's responsibility for running the prisons. The Court does not doubt that the BOP in general, and the

---

[1] Williams also argues "the unduly harsh nature of his 50-year sentence for a drug offense" provides a separate extraordinary and compelling reason for relief. Because the Court finds his HIV diagnosis presents an extraordinary and compelling reason for compassionate release, the Court need not analyze the defendant's second reason.

staff at USP McCreary specifically, are working to address and control the spread of COVID-19. But, as other judges have recognized, the prison setting itself puts limits on what can be done. *Cook*, slip op. at 4; *Kuczora*, slip op. at 5. As of March 22, 2021, seven inmates and fourteen staff members at USP McCreary currently have COVID-19. *COVID-19 Cases*, Bureau of Prisons (Mar. 22, 2021), https://www.bop.gov/coronavirus. An additional 170 prisoners and 74 staff members have previously tested positive and recovered from the disease. *Id.* One prisoner at USP McCreary has died from the disease. *Id.*

Williams argues, and the Court agrees, that a reduction in his sentence for the extraordinary and compelling reasons related to his health can be accomplished consistent with the purposes of sentencing. The sentencing factors set forth in section 3553(a) include the nature and circumstances of the offense and the history and character of the defendant, and then the need for the sentence imposed by the court to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide rehabilitative opportunities.

Williams has already served a substantial prison term. Although Williams was convicted of serious drug trafficking crimes, twenty-eight years in prison is sufficient to comply with the §3553(a) factors. While Williams' record includes multiple aggravating factors, including multiple disciplinary violations while in prison, any aggravating factors have been sufficiently accounted for in the years he has already served. Moreover, upon release, Williams will still be subject to a five-year term of supervised release. This not insignificant period of supervised release, along with the conditions of that supervision, will ensure the public is protected from further crimes and provide Williams the ability to take advantage of available rehabilitative opportunities. It is clear that a time-served sentence for Williams is sufficient and not greater than necessary to achieve the goals embodied in the statutory factors.

## CONCLUSION

In light of Williams' health conditions and the continued threat posed to him by the current pandemic, the Court finds that extraordinary and compelling reasons exist that justify a reduction in his sentence. Because the sentencing policies described in section 3553(a) can be satisfied with a time-served sentence, the Court GRANTS Williams' motion for compassionate release, (ECF No. 316), under section 3582(c) and orders that Williams' term of imprisonment be reduced to

time served.  His term of supervised release will begin immediately upon his release.  All other conditions of his original sentence remain in full force and effect.  This order is stayed for no more than 30 days to allow time for U.S. Probation to finalize Williams' release plan, make appropriate travel arrangements, and to ensure his safe release.  U.S. Probation shall notify the U.S. Marshal upon approval of Williams' release plan.

Dated at Milwaukee, Wisconsin on March 26, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge